UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jerome A. Kennedy,

    Plaintiff,

v.                                      Case No. 16-12444

Commissioner of Social Security,        Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

## ORDER ADOPTING 8/25/17 REPORT AND RECOMMENDATION

Plaintiff Jerome A. Kennedy brought this action pursuant to 42 U.S.C. § 405(g), challenging Defendant Commissioner of Social Security's decision disallowing benefits. The Court referred this matter to Magistrate Judge Stephanie Dawkins Davis for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, the parties filed cross-motions for summary judgment (Doc. # 14, 15). On August 25, 2017, the magistrate judge issued an R&R (Doc. # 17) wherein she recommended that Plaintiff's motion be granted, Defendant's motion be denied, that the findings of the Commissioner be reversed, and that the matter be remanded for further proceedings under Sentence Four.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*. Defendant timely filed an objection to the R&R (Doc. # 18) and Plaintiff has responded (Doc. # 19).

1

Defendant raises one objection, arguing that the R&R overlooks the ALJ's discretion to decide when an updated opinion on medical equivalence is necessary. The Court agrees with the magistrate judge that the ALJ failed to consider a medical opinion on equivalency for whether Plaintiff's mental impairment met Listing 12.04 and for whether Plaintiff's combination of impairments, depression and multiple sclerosis, medically equaled any listing (R&R, pp. 21-23). *See* 20 C.F.R. § 404.1526(b) ("Medical equivalence must be based on medical findings. . . . We will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence."); *Sheeks v. Comm'r of Soc. Sec.*, 2015 WL 753205 at * 7 (E.D. Mich. 2015) ("The great weight of authority holds that a record lacking any medical advisor opinion on equivalency requires a remand."); *see also Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004) ("Whether a claimant's impairment equals a listing is a medical judgment, and an ALJ must consider an expert's opinion on the issue."). This medical opinion requirement applies to the ALJ's assessment of impairments in combination. *See Trainor v. Comm'r of Soc. Sec.*, 2014 WL 988993 at * 24 (E.D. Mich. 2014) (remanding after the ALJ failed to obtain a medical expert's opinion on whether the combination of the plaintiff's mental and physical impairments were equal to any listed impairment).

The ALJ was not relieved of her obligation to obtain a medical opinion on equivalence by Social Security Ruling 96-6p, 1996 WL 374180. This ruling addresses, *inter alia*, when an ALJ should obtain an *updated* opinion on equivalence. This discretionary determination occurs either 1) when there is evidence that suggests to the ALJ that there may be equivalence or 2) when additional medical evidence is received that the ALJ believes may change the State agency consultant's finding that the impairment does not equal the listings. *Kelly v. Comm'r of Soc.*

2

*Sec.*, 314 Fed App'x 827, 830 (2009). In this case, however, the problem is the ALJ's failure to obtain or consider a medical opinion on equivalence in the first instance, not whether she properly exercised her discretion in deciding whether to obtain an updated opinion. Defendant's reliance on SSR 96-6p is therefore unavailing. *See Manson v Comm'r of Soc. Sec.*, 2013 WL 3456960 at * 11 (E.D. Mich. 2013) (stating the provisions in SSR 96-6p addressing updated medical opinions "apply only where "th[e] opinion has been obtained at the first two levels of administrative review.") The Court agrees with the magistrate judge that the absence of a medical opinion in the record to support the ALJ's equivalency analysis on Plaintiff's mental impairment or Plaintiff's impairments in combination necessitates a remand. Finally, the Court agrees with the magistrate judge's decision not to find the error harmless (R&R at 26).

Accordingly, the Court OVERRULES Defendant's objection and ADOPTS the magistrate judge's August 25, 2017 R&R. IT IS FURTHER ORDERED that: 1) Plaintiff's motion is GRANTED; 2) Defendant's motion is DENIED; 3) the findings of the Commissioner are REVERSED; and 4) this matter is REMANDED for further proceedings pursuant to Sentence Four.

IT IS SO ORDERED.

      s/Sean F. Cox
      Sean F. Cox
      United States District Judge

Dated: September 28, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2017, by electronic and/or ordinary mail.

      s/Jennifer McCoy
      Case Manager